## Appointment of Deputies.

*Public officers—Vacancies—Appointment by deputies—Superintendent of Public Instruction—County superintendents.*

1. As section 213 of the Administration Code of June 7, 1923, P. L. 498, which authorizes the appointment of a deputy or deputies by the Superintendent of Public Instruction, uses the words "deputy" or "deputies" in a general sense, and not in any qualified or limited sense, such deputy or deputies may act for the superintendent in his absence, in any and all matters pertaining to the office of Superintendent of Public Instruction, with the exception of those set forth in section 213 of the Code.

2. Such deputy or deputies may, therefore, in the absence of the superintendent, appoint a county superintendent or a trustee of a normal school when there are vacancies in such offices.

Department of Justice. Opinion to Hon. Francis B. Haas, Deputy Superintendent of Public Instruction.

BROWN, Dep. Att'y-Gen., Feb. 25, 1925.—Your letter asking to be advised if a vacancy exists in the office of County Superintendent of Schools in Delaware County, and, if such vacancy does exist, what procedure should be followed, in the absence of the Superintendent of Public Instruction, the department being conducted by deputies, to fill it; also, what should be done in filling vacancies in the boards of trustees of normal schools, has been received by this department.

In the mandamus proceeding of A. G. Criswell Smith, County Superintendent of Public Schools of Delaware County, Pennsylvania, v. J. George Becht, Superintendent of Public Instruction, et al. and members of Public School Employees' Retirement Board of the Commonwealth of Pennsylvania, Docket 1924, No. 69, the court found:

"It appears from the pleadings that the plaintiff, after he attained the age of seventy years, was retired by the defendants, the members of the Public School Employees' Retirement Board of the Commonwealth of Pennsylvania, as county superintendent, on June 30, 1924. The Superintendent of Public Instruction could not place his name on the payroll and issue a voucher and requisition upon the proper officers for the payment of his salary unless he was reinstated by said board. We have no jurisdiction to compel the said board to reinstate him by writ of mandamus. It appearing that the plaintiff

is no longer County Superintendent of Delaware County, he is, therefore, not entitled to receive his salary as such officer."

Under this finding of the court, Mr. Smith is no longer County Superintendent of Schools in Delaware County, and I have no hesitancy in advising you that there is a vacancy in said office.

The School Code, in section 1120, provides as follows:

"Any vacancy in the office of county superintendent, by reason of death, removal or otherwise, shall be filled for the unexpired term by the Superintendent of Public Instruction, after careful consideration of any recommendations concerning it from the officers of the proper county school directors' association, made within ten days after the vacancy occurs."

This provision has been re-enacted and made part of the Administrative Code, and section 708 provides:

"The Superintendent of Public Instruction shall: (c) Fill all vacancies occurring in the office of county superintendent until the next regular election; but in filling such vacancies he shall give careful consideration to any recommendations concerning them, made by the officers of the proper county school directors' association within ten days after the vacancies occur."

Section 213 of the Administrative Code provides:

"Deputies—The head of any administrative department, except the Auditor General, State Treasurer and Secretary of Internal Affairs, shall have the power, with the approval of the Governor, to appoint and fix the compensation of a deputy or such number of deputies as the executive board shall approve, who shall, in the absence of the head of such department, have the right to exercise all the powers and perform all the duties by law vested in and imposed upon the head of such department, except the power to appoint deputies, bureau or division chiefs, or other assistants or employees."

Under the authority given in this section of the Administrative Code, the Superintendent of Public Instruction appointed deputies, and the question now is, what are the powers of the deputies in the absence of the head of the department?

In Throop on Public Officers, § 583, the following is laid down:

". . . A deputy cannot regularly have less power than his principal; cannot be restrained from exercising any part of the office, by covenant or otherwise; must regularly act in his own name, unless it be in the case of an undersheriff, who acts in the name of the high sheriff, because the writ is directed to him. . . . A deputy has power to do every act which his principal might do, and cannot be restrained to some particulars of his office, 'for that would be repugnant to his being deputy.' "

And in section 585: ". . . But where a statute empowers a deputy, eo nomine, to perform particular acts, he may lawfully act in his own name; and the courts will not disturb a long-settled practice in a public office, of using the deputy's name instead of the principal's."

Attorney-General Carson, in an opinion dated June 11, 1903, and reported in 12 District Reports, 646, defined the powers of the Deputy Secretary of the Commonwealth, and the opinion being so peculiarly applicable to the question now being considered, I deem it of sufficient importance to quote it at length:

"The Act of March 12, 1791, 3 Sm. Laws, 8, provides that the Secretary of the Commonwealth 'shall have a deputy, to be by him appointed, with the approbation of the Governor, and the said deputy shall be removable by the said secretary whenever he shall think expedient.' This, so far as I know, is the only legislative provision upon the subject. You will observe that the word 'deputy' is used without any qualifying adjective, such as 'special

Appointment of Deputies.

deputy,' and I interpret it in the general sense which has been uniformly attached to the word 'deputy.'

"Bouvier, in his Law Dictionary, defines a deputy as 'one authorized by an officer to exercise the office or right which the officer possesses, for and in place of the latter.' He quotes with approval Comyn's Digest, title 'officer,' to the following effect: 'In general, ministerial officers can appoint deputies, unless the office is to be exercised by the ministerial officer in person.' He also states: 'In general, a deputy has power to do every act which his principal may do; but a deputy cannot make a deputy.'

"Anderson, in his Dictionary of Law, gives the following definition: 'Deputy; one who acts officially for another; the substitute of an officer— usually of a ministerial officer.'

"The American and English Encyclopædia of Law defines the word as follows: 'A deputy is one who, by appointment, exercises an office in another's right, having no interest therein, but doing all things in his principal's name, and for whose misconduct the principal is answerable. He must be one whose acts are of equal force with those of the officer himself; must not in pursuance of law perform official functions, and is required to take the oath of office before acting.'

"Wharton, in his Law Dictionary, states that a deputy differs from an assignee or agent, in that an assignee has an interest in the office itself, and does all things in his own name, for whom his grantor shall not answer except in special cases; but a deputy has not any interest in the office, and is only the shadow of the officer in whose name he acts. And there is a distinction in doing an act by an agent and by a deputy. An agent can only bind his principal when he does the act in the name of the principal; but a deputy may do the act and sign his own name, and it binds his principal, for a deputy has, in law, the whole power of his principal.

"The definition given in the Century Dictionary is as follows: 'A deputy is a person appointed or elected to act for another or others; one who exercises an office in another's right; a lieutenant or substitute. In law, one who, by authority, exercises another's office or some function thereof in the name or place of the principal, but has no interest in the office. A deputy may, in general, perform all the functions of his principal, or those specially deputed to him, but cannot again depute his powers. Specifically, a subordinate officer authorized to act in place of the principal officer, as, for instance, in his absence. If authorized to exercise for the time being the whole power of his principal, he is a general deputy, and may usually act in his own name with his official addition of deputy.'

"In the Confiscation Cases, reported in 20 Wallace's Reports of the Supreme Court of the United States, page 111, Mr. Justice Strong, in disposing of an objection which had been urged against proceedings in the District Court, to the effect that they had not been signed by the clerk of the court, but had only been signed by the deputy clerk, used these words: 'This was sufficient. An Act of Congress authorized the employment of the deputy, and, in general, a deputy of a ministerial officer can do every act which his principal might do.'

"The legal and the popular definitions agree, and I am of opinion that, inasmuch as the act which authorized you to appoint a deputy uses the term in its general and not in a special sense, the Deputy Secretary of the Commonwealth is authorized to act for you in all matters pertaining to your office, signing his name as 'Deputy Secretary of the Commonwealth.' "

It will be observed that in section 213 of the Administrative Code, as in the Act of 1791, the words "deputy" and "deputies" are used without any quali-

Appointment of Deputies.

fying adjective, and the words, therefore, are interpreted in the general broad sense which always is attached to the word "deputy."

The deputies, under the law authorizing their appointment, in the absence of the head of the department, have the right to exercise all the powers and perform all the duties by law vested in and imposed upon the head of such department, except the power to appoint deputies, bureau or division chiefs or other assistants or employees. The exceptions do not include the appointment of a county superintendent or a trustee of a normal school.

I am of the opinion that, inasmuch as section 213 of the Administrative Code, which authorizes the appointment of a deputy or deputies by the Superintendent of Public Instruction, uses the words "deputy" or "deputies" in a general sense, and not in any qualified or limited sense, such deputy or deputies may act for the Superintendent of Public Instruction, in his absence, in any and all matters pertaining to the office of Superintendent of Public Instruction, with the exception set forth in section 213 of the Administrative Code.

This empowers a deputy, in the absence of the principal, to appoint a county superintendent or a trustee of a normal school when there are vacancies in such offices.

From C. P. Addams, Harrisburg, Pa.